795 F.2d 85
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHAROAH ALLAH, KING OF ISLAM, MESSENGER OF ALLAH, Plaintiff-Appellant
v.
THE PRINCIPAL, THE STATE OF OHIO; THE AGENCY BONA FIDE
HOLDER ATTY. LYNN SLABY, SUMMIT COUNTY PROSECUTOR;
MAX DUNN, AKRON METROPOLITAN HOUSING
AUTHORITY; ROBERT MORRIS,
Defendants-Appellees.
 No. 85-3739.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1986.
 
 1
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's judgment dismissing his complaint for an alleged deprivation of his property and liberty without due process of law. Appellee, the Akron Metropolitan Housing Authority, moves this Court for dismissal from the action. The matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed a complaint in the district court against defendants alleging the deprivation of his property and liberty without due process of law. Given liberal construction, it appears that plaintiff claims ownership to property which belongs to one of the defendants. He alleges that his mother executed a 10 year land contract for the purchase and rental of the property in 1966. During the ten year period, it appears that the property was abandoned by plaintiff's mother, and subsequently sold to a third party purchaser. In addition, it appears that he attributes his involuntary commitment to a hospital for mental illness to defendants. He seeks the expungement of the mental record and damages. The district court, upon defendants' motion, dismissed the complaint for failure to state a cause of action upon which relief can be granted. Plaintiff timely appealed. Appellee, the Akron Metropolitan Housing Authority, moves for dismissal from the action.
 
 
 4
 Upon consideration, this Court finds that the district court's decision must be affirmed. A complaint must state a claim upon which relief can be granted. Rule 8(a)(2), Federal Rules of Civil Procedure; Conley v. Gibson, 355 U.S. 41 (1957). Liberal construction has been given to plaintiff's complaint. Haines v. Kerner, 404 U.S. 519 1972). Even so, the facts of this matter and the basis relied on by plaintiff for relief cannot be ascertained with any clarity. Plaintiff fails to demonstrate to this Court that he, in fact, owns the property in question. Moreover, he fails to demonstrate that defendants have violated his constitutional rights. Hence, the matter fails to state a cause of action upon which relief can be granted.
 
 
 5
 It is therefore ORDERED that appellee's motion for dismissal be and hereby is denied and the district court's judgment affirmed. Rule 9(d)(3, Rules of the Sixth Circuit.